U. Lawrence Boze', Esq. (SBN 02801600)
**U. LAWRENCE BOZE' & ASSOCIATES, P.C.**
2212 Blodgett
Houston, TX 77004
Tel: (713) 520-0260 / Fax: (713) 520-6194
Bozelaw@aol.com

Royce B. West, Esq. (SBN 21206800)
Veretta Frazier, Esq. (SBN 00793264)
**WEST & ASSOCIATES, L.L.P**.
320 South RL Thornton Freeway, Suite 300
Dallas, TX 75203
Tel: (214) 941-1881 / Fax: (214) 941-1339
Royce.w@westllp.com

Attorneys for Plaintiffs,
Carrie Laurnette Allen, Kimberly Leonard,
Tamika Payne, Larry Bailey, and Meagan Caldwell

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

# DALLAS DIVISION

| | |
|---|---|
| CARRIE LAURNETTE ALLEN, KIMBERLY LEONARD, TAMIKA PAYNE, LARRY BAILEY, AND MEAGAN CALDWELL on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FLUOR CORPORATION,<br><br>Defendant. | **CASE NO:**<br>[Unlimited Civil Action]<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**RULE 23 CLASS ACTION**<br><br>**(1)   VIOLATIONS OF AFGHANISTAN LABOR CODE ARTICLE 67**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Carrie Laurnette Allen, Kimberly Leonard, Tamika Payne, Larry Bailey, and Meagan Caldwell, by and through the undersigned counsel, hereby bring this Complaint for Violations of Afghanistan Labor Code Article 67 on behalf of themselves and all others similarly situated against Defendant, and allege the following:

# INTRODUCTION

1. Plaintiffs' claims in this case are based on the failure of Defendant Fluor Corporation (hereinafter, "Fluor") to pay overtime wages to Plaintiffs and other similarly-situated Tier II FGG Contractors (hereinafter, "Tier II Employees") working in Afghanistan on the Logistics Civil Augmentation Program IV – Task Order 5 (hereinafter, "LOGCAP IV") contract.

2. Fluor has classified Tier II employees as exempt from overtime wages, and pays them at a straight time rate for overtime hours worked, rather than the premium overtime rates required by Afghanistan law. Plaintiffs are required to work 12 hours per day, seven days per week with no overtime premium pay.

3. This exempt classification – and the resulting failure to pay Tier II employees overtime pay for overtime hours worked – is unlawful as Tier II employees do not satisfy the requirements of any applicable exemption to overtime laws.

# JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because at least one member is of diverse citizenship from Fluor, there are more than 100 class members nationwide, and the aggregate claims of the Class exceed $5,000,000 exclusive of costs and interest.

5. Venue is proper in this district under 28 U.S.C. Sections 1391 (b) and (c), as Defendant resides in, and systematically conducts business on a regular basis in the State of Texas and in District by virtue of the laws of the State of Texas, and is therefore subject to the court's personal jurisdiction.

# PARTIES

6. Plaintiff Carrie Laurnette Allen is a resident of the County of Harris, State of Texas. She worked for Fluor as a Tier II employee beginning within the Class Period until approximately December 9, 2015.

7. Plaintiff Kimberly Leonard is a resident of the County of Fulton, State of Georgia. She worked for Fluor as a Tier II employee beginning within the Class Period until approximately February 27, 2016.

8. Plaintiff Tamika Payne is a resident of the County of Bell, State of Texas. She worked for Fluor as a Tier II employee beginning within the Class Period until approximately February 9, 2016.

9. Plaintiff Larry Bailey is a resident of the County of Harris, State of Texas. He worked for Fluor as a Tier II employee beginning within the Class Period until approximately February 24, 2016.

10. Plaintiff Meagan Caldwell is a resident of the County of Gwinnett, State of Georgia. She worked for Fluor as a Tier II employee beginning within the Class Period until approximately December 6, 2015.

11. Members of the "Plaintiff Class" are current and former employees of Defendant Fluor, employed as Tier II employees who work, or have worked, in Afghanistan on the LOGCAP IV – Task Order 5 contract, and have worked overtime hours during the class period without being paid the required overtime wages as required under Afghanistan law. Tier II employees are non-managerial, hourly employees working in Afghanistan providing food, housing, transportation, laundry and other services to U.S. soldiers.

12. Plaintiffs are informed and believe, and thereon allege, that at all times relevant hereto, Defendant Fluor is a Delaware corporation with its principle place of business located at 6700 Las Colinas Boulevard, Irving, Texas 75039. It is one of the world's largest publicly owned engineering, procurement, construction, maintenance, and project management companies.

13. Plaintiffs are informed and believe, and thereon allege, that each of the supervisors, managers, agents, officers, directors, and employees of Fluor, in doing the things alleged herein, were acting within the course and scope of his/her employment or agency with Fluor.

## FACTUAL ALLEGATIONS

14.   Defendant employs personnel who work in Afghanistan providing non-combat support services to deployed United States forces and other government agencies.

15.   In 2008, Fluor was awarded the LOGCAP IV contract by the United States Army to provide logistics support to troops stationed in Afghanistan. Because this is the fourth in a series of LOGCAP contracts, it is commonly referred to as LOGCAP IV. The nature of LOGCAP IV is such that the contractors are to serve in non-combat support roles of the U.S. Army.

16.   Each Class Member is, or at all times relevant herein was, an employee working for Defendant in Afghanistan with the job title of "Tier II FGG Contractor." Tier II employees are non-managerial employees responsible for providing base-camp construction, housing, transportation, fuel, meals, and laundry to U.S. troops.

17.   Each Tier II employee has been classified by Fluor as "exempt" with an annual "salary" of $45,000 per year. Despite each Class Member's classification as "exempt," their weekly compensation is paid at an *hourly rate* and they perform duties typically performed by "hourly" non-exempt employees.

18.   Plaintiffs work, and at all times relevant herein worked, in excess of 40 hours per week throughout the entirety of their employment with Fluor in Afghanistan. In fact, Fluor has mandated that all Tier II employees work a total of 84 hours per week, and a review of pay stubs reveals that these employees were consistently working over 300 hours in a four week period. Plaintiffs are required to report the number of hours worked each day, and their pay is subject to a reduction if they work less than the required 84 hours per week.

19.   Plaintiffs are paid straight time for all 84 hours worked, instead of receiving time and a quarter of their hourly rate for hours worked over 8 hours per day Monday through Friday, and time and a half of their hourly rate for hours

worked over 8 hours per day on Saturday and Sunday, as required by Article 67 of the Afghanistan Labor Code.

20.     None of the job duties of Tier II employees relate to management or exercise of discretion and independent judgment with respect to matters of significance.  Nor do their job duties focus on managing the enterprise in which they are employed, directing the work of one or more other employees, or hiring and firing other employees.  Plaintiffs are not learned professionals performing work requiring advanced knowledge in a field of science or learning. Nor are they creative professionals performing work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

21.     In sum, Class Members are hourly employees, required to work 84 hours per week, with no overtime compensation.

22.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiffs and similarly situated Class Members are owed overtime compensation, plus interest and/or other damages, the precise amount of which will be proven at trial.

## **RULE 23 CLASS ACTION ALLEGATIONS**

23.     Plaintiffs bring all claims alleged herein under Afghanistan law as a nationwide class action on behalf of all United States citizens who worked for Defendant in Afghanistan as a Tier II employee during the time period covered herein.  Plaintiffs seek to certify a class pursuant to the Federal Rules of Civil Procedure, Rule 23 comprised of:

> All United States citizens who are working or have worked as Tier II employees for Defendant in Afghanistan under the LOGCAP IV – Task Order 5 contract, and who were paid straight time rates for overtime work hours and not paid on a salary basis in any week during the period commencing June 1, 2008 through the entry of final judgment in this action.

24. The class claims herein have been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because (1) the class is so numerous that joinder of all class members is impracticable; (2) there are questions of law and or fact common to the class; (3) the claims of the proposed class representative are typical of the claims of the class; and (4) the proposed class representatives will fairly and adequately protect the interests of the class. In addition, the questions of law or fact that are common to the class predominate over any questions affecting only individual class members and a class action is superior to other available means for fairly and efficiently adjudicating the controversy.

25. **Ascertainability and Numerosity**: The potential class members as defined herein are so numerous that joinder would be impracticable. Plaintiffs are informed and believe, and thereon allege that Defendant has employed hundreds, if not thousands, of Tier II employees in Afghanistan during the class period. The names and addresses of the class members are available to the Defendant, as are detailed records of each class member's hours worked during the class period. Notice can be provided to the class members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

26. **Commonality and Predominance of Common Questions**: There are questions of law and fact common to Plaintiffs and the class members that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

   a. Whether Defendant has employed class members in a position subject to, and not exempt from, Afghanistan's overtime pay requirements;

   b. Whether Defendant has failed to pay class members on a salary basis;

  c. Whether Defendant has failed to pay class members overtime wages for time worked in excess of 40 hours per week and/or eight hours per day;

  d. Whether Defendant violated Afghanistan Labor Code Article 30, which limits the ordinary working period to no more than 40 hours per week.

  e. Whether Defendant violated Afghanistan Labor Code Article 38, which provides that any work done outside the ordinary hours of work shall be considered overtime, and employers are required to pay employees a premium.

  f. Whether Defendant violated Afghanistan Labor Code Article 67, which requires that an hourly wage for overtime be paid 25% more than the official working hour rate on ordinary days and 50% more than the hourly rate on off days (weekends or holidays).

  g. The proper formula for calculating restitution, damages, and other statutory penalties owed to Plaintiffs and the class members alleged herein.

27. **Typicality**: Plaintiffs' claims are typical of the claims of the other class members. Defendant's common course of unlawful conduct has caused Plaintiffs and similarly situated class members to sustain the same or similar injuries and damages caused by the same practices of Defendant. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the other class members.

28. **Adequacy of Representation**: Plaintiffs are members of the Rule 23 class defined herein, do not have any conflicts of interest with the other class members, and will prosecute the case vigorously on behalf of the class members. Plaintiffs' counsel are competent and experienced in litigating large class actions.

### FIRST CAUSE OF ACTION
### Violations of Afghanistan Labor Code Article 67
### (Against All Defendants)

29. Plaintiffs incorporate by reference each and every paragraph of this Complaint as though set forth in full in this cause of action and further alleges:

30. Afghanistan Labor Code Article 6 provides that "Foreign Citizens who are working in government or non-government organizations or in private sector or joint ventures in Afghanistan based on the separate contracts that have been signed previously or are working in the country based on the license they have obtained or may obtain from the Islamic Republic of Afghanistan have to obey this code."

31. Article 30 sets forth the permissible hours of work for employees working in Afghanistan. Pursuant to Article 30(2), "[t]he ordinary working period, on average, during the course of the year, cannot be more than 40 hours per week."

32. Article 38 provides that "[w]ork done outside the ordinary hours of work is considered to be overtime."

33. Article 67 requires that a premium be paid on all overtime hours. Specifically, pursuant to Article 67 "[a]n hourly wage for overtime is paid 25% more than the official working hour rate on ordinary days and 50% more than the hourly rate on off days (weekend or holidays)."

34. Plaintiffs and similarly situated class members work a total of 84 hours per week, 44 hours of which are considered overtime as defined by Articles 30 and 38.

35. Defendant pays Plaintiffs and similarly situated class members straight time for all 84 hours worked each week.

36. By failing to pay overtime compensation to Plaintiffs and similarly situated class members as alleged above, Defendant has violated and continues to violate Afghanistan Labor Code Article 67, which requires the payment of overtime compensation for employees working in excess of 40 hours per week.

37. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and similarly situated class members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and the above-described Rule 23 class of similarly situated class members, demand judgment against Defendant and pray for relief as follows:

1. Certification of the above-described Rule 23 Class as a class action, pursuant to Federal Rule of Civil Procedure, Rule 23;
2. Provision of class notice to all Class Members;
3. A declaratory judgment that Defendant has knowingly and intentionally violated Afghanistan Labor Code Article 67 by failure to pay overtime compensation to Class Members;
4. An equitable accounting to identify, locate, and restore to all current and former Class Members the overtime wages due;
5. An award to Plaintiffs and the Class Members of damages in the amount of unpaid overtime compensation, including interest thereon, subject to proof at trial;
6. An award to Plaintiffs and the Class Members of reasonable attorneys' fees and costs, pursuant to Cal. Code of Civil Procedure § 1021.5 and/or other applicable law; and
7. An award to Plaintiffs and the Class Members of such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand an individual trial by jury on all issues so triable.

DATED: May 4, 2016        U. LAWRENCE BOZE' & ASSOCIATES P.C.

By: */s/ U.Lawrence Boze'*
U. LAWRENCE BOZE'
Attorney for Plaintiffs